# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.W., J.W., and J.S.**

**No. 13-0389** (Ohio County 12-CJA-8, 9 & 10)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Gerald G. Jacovetty Jr., appeals the Circuit Court of Ohio County's order entered on March 20, 2013, terminating his parental rights to J.W., J.W., and J.S. The West Virginia Department of Health and Human Resources ("DHHR"), by Lee A. Niezgoda, its attorney, filed its response. The guardian ad litem, Joseph J. Moses, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children and in terminating his improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed the underlying abuse and neglect petition based on petitioner's treatment of child J.S., including allegations that petitioner physically assaulted J.S., grabbed J.S. by the throat, and blamed J.S. for being referred to the DHHR. Petitioner threatened to kill J.S. if J.S. returned home and admitted punching J.S. in the face. Petitioner waived a preliminary hearing, and the circuit court ordered the children into the legal and physical custody of the DHHR. At the adjudicatory hearing on June 29, 2012, petitioner admitted to perpetrating physical abuse upon the three children and he was adjudged to be an abusive parent. By order entered March 20, 2013, following a dispositional hearing, the circuit court terminated petitioner's parental rights and terminated his improvement period. The circuit court found that petitioner refused to believe he had done anything wrong, threatened harm on individuals involved with the case, and had not met the terms of his improvement period because he had not received the necessary mental health treatment. In light of petitioner's failure to complete his improvement period, the circuit court found that it was in the best interests of the infant children, and necessary for their welfare to terminate petitioner's parental, custodial, and guardianship rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts

1

without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that he should be granted an improvement period. Petitioner asserts that he has acknowledged his problem, attempted to participate in therapy services, and was making efforts to correct the problem. The circuit court specifically found, however, that petitioner was unwilling to believe he did anything wrong and failed to cooperate in obtaining mental health treatment. Additionally, the circuit court found that petitioner's issues with anger and paranoia were not in control because he made threats of harm against people involved in the case, in addition to his own children.

This Court has stated that

"in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996).

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010). As such, it is clear from the record that petitioner was not entitled to an improvement period below.

This Court finds that the circuit court was presented with sufficient evidence upon which it found that termination was necessary for the children's welfare. A review of the record reveals there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, due to petitioner's failure to acknowledge his problem and ongoing issues with anger and paranoia. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. This Court finds no error in the termination of petitioner's parental rights.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va. Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II